Simon, J.
delivered the opinion of the court.
This suit is brought by the indorsee of a promissory note of hand against the first indorser thereof. The defendant admitted his indorsement, pleaded the general issue and denied specially that the plaintiff was the legal and Iona fide holder of the note sued on. The case was tried by a jury who found a verdict in favor of the defendant, and the plaintiff appealed.
The evidence shows that the note was given in consideration-of a part of the price of a female slave, and that the same was indorsed by the defendant at the time of the purchase thereof by one Chapman; from one Platet, by whose indorsement, said note, paraphed ne varieUtr, was transferred to the plaintiff. Proof has also been adduced that due notice of the dishonor of the note was given to the indorser, and that the plaintiff’s name was on the back of said note at the time of the protest.
During the progress of the suit, plaintiff amended his petition, and issued a writ of sequestration, by virtue of which, the slave having been found in the defendant’s possession, was taken by the sheriff into his custody; and after the return of the writ, defendant was allowed to bond the property as his own.
On the trial of the cause, defendant introduced a witness who testified that “ a man calling himself Jean Baptiste Mitaine came to him this morning, and told him that the first suit set for trial to day was under his name, but that he had nothing to do with it, and that the indorser had paid him.” PTo plea of payment however is set up in the defendant’s answer, who, on the contrary, limits his defence to the plea that the plaintiff is not the Iona fide. holder of the note.
[94] We are at a loss to conceive on what grounds the jury may have based their verdict. It is perfectly clear that the defendant had no right to inquire whether the plaintiff, in whom the legal title to the note sued on, appeared to be vested, was the agent or the real owner of it, unless, by a fictitious assignment, it was attempted to deprive him of substantial grounds of defence which he may have had against the true owner; nothing however is set up in the answer which has any tendency to- show that the defendant has any equitable defence to oppose to the payment of the note, and it is certainly immaterial to him whether the plaintiff recovers for his individual benefit, or as the agent of another; as the judgment here will have the effect of res ju *419 dicata against any one who might hereafter claim an interest in the note. 3 Mart. H. S. 291, 392; 5 La. Reports, 48.
It is, however, contended that there is proof that the amount sued for has, from the declarations of the plaintiff, been paid to him by the indorser. The evidence of this fact appears to ns to be very loose and indefinite; the indorser alluded to cannot be the defendant, who, as we have already said, has not set up any plea of payment; and it is difficult to believe that if he had really discharged the obligation, he would not have availed himself of this defence, instead of relying solely upon an exception which seems inconsistent with his actual pretensions; indeed, the allegation that the plaintiff is not the true owner of the note, takes away any idea that the defendant would ever have paid him its amount. The vague declarations of the plaintiff that he had nothing to do with the note, and that the indorser had paid him, cannot be construed in any other manner but as meaning that he was acting as the agent of his previous indorser (Platet) by whom he had been paid; and if so, the defendant, who, in the absence of any valid defence, must pay it to the apparent legal holder, has nothing to do with this matter. We think that the verdict of the jury is manifestly erroneous, and our judgment must be in favor of the plaintiff.
It is therefore ordered, adjudged and decreed, that the judgment [95] of the parish court be annulled, avoided and reversed; and proceeding to render such judgment as, in our opinion, ought to have been rendered in the lower court; it is ordered, adjudged and decreed that the plaintiff do recover of the defendant the sum of five hundred and ninety-five dollars, and four dollars costs of protest, with five per cent, interest per annum on the said sum from the 14th of February, 1838, until paid, with costs in both courts; and it is further ordered, adjudged and decreed, that the female slave, Easter, specially mortgaged to secure the plaintiff’s demand, and heretofore sequestered in this suit, be seized and sold to satisfy the present judgment in principal, interest and costs.